IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
         Plaintiff,

vs.                               CASE NO 3:07cv195/RV/MD

ARMOR CORRECTIONAL
HEALTH SERVICES, INC.
         Defendant.

_____

**O R D E R**

       This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff did not file an application for leave to proceed *in forma pauperis* or pay the $350.00 filing fee.  A complete application to proceed *in forma pauperis* includes a motion with supporting affidavit and a prisoner consent form and financial certificate with attachments.

       In addition, although the complaint will typically not be processed until the matter of the court's fee is resolved, from a cursory review the court notes that plaintiff has failed to fully and completely fill out the complaint form.  Plaintiff has failed to fully and completely fill out the portion of the complaint form dealing with prior litigation history.  In addition, he has provided insufficient information in his statement of facts for the court to determine whether an Eighth Amendment violation occurred.  Plaintiff claims only that the defendant, Armor Correctional Health Service, Inc. has refused to provide him with medical services that were previously provided to him.  The nature of the medical services allegedly denied, and the circumstances surrounding their denial are not explained, and the individuals who allegedly denied plaintiff medical care are not identified as defendants in this action.

       A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth

Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11ᵗʰ Cir. 1999).  "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11ᵗʰ Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11ᵗʰ Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious."  *Hudson v. McMillian*, 503 U.S. 1, 9 , 112 S.Ct. 995, 1000,  117 L.Ed.2d 156 (1992).  To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11ᵗʰ Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11ᵗʰ Cir. 1995).  First, a plaintiff must set forth evidence of an objectively serious medical need.  *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.   Plaintiff's complaint, as written, does not state a claim and he will be required to amend.

In amending, plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  Plaintiff should be sure to fully and completely answer all the questions on the complaint form, including those pertaining to prior litigation, attaching additional pages if necessary.  In the statement of facts, plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in each

alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.    It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998);  *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.   Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not attempt to do any discovery without leave of court.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983, and a complete set of forms for filing a motion for leave to proceed *in forma pauperis*.  This case number should be written on the forms.

2.  The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, and a complete motion for leave to proceed *in forma pauperis* with supporting documentation.

3.  Failure to comply with this order may result in a recommendation of dismissal of this action for failure to prosecute and to comply with an order of the court.

DONE AND ORDERED this 16th day of May, 2007.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**